**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRIAN S. WILLESS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-0585-HE |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Brian S. Willess sued defendant United States of America for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the court lacks federal subject matter jurisdiction over this suit.[1]  The motion is at issue.

In considering a Rule 12(b)(1) motion, the court accepts the allegations of plaintiff's complaint as true. Smith v. United States, 561 F.3d 1090, 1097 (10th Cir. 2009). However, a court must "examine the substance of these allegations, rather than the plaintiff's labels, to determine their true nature." Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996). Further, "[b]ecause the jurisdiction of federal courts is limited, there is a presumption against . . . jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005) (citation omitted).

Plaintiff's complaint alleges that he is an honorably discharged veteran of the United States Air Force. He contends the Veterans Administration ("VA") Medical Center in

---

[1]*Defendant previously filed a motion to dismiss on other grounds, which the court denied [Doc. #20].*

Oklahoma City, and its medical staff, "failed to treat" him after he presented for care at the facility [Doc. #1 at 2 (emphasis omitted)].  Plaintiff further contends that the defendant "negligently failed to diagnose [plaintiff's] ruptured disk, instead diagnosed [his] herniated disk and treated with only pain medications." *Id*.  Plaintiff claims this "failure to treat and the negligent delay in diagnosis" caused him to seek care from private doctors at great expense, caused him to undergo a more extensive surgery, and caused him to suffer emotional and physical pain and suffering, among other types of damages.  *Id*. at 2-3. Plaintiff seeks $6,000,000.00 from defendant.

Plaintiff's administrative claim form (SF-95) refines the factual basis of his complaint: the VA's alleged refusal to perform his back surgery.[2]  Upon plaintiff's initial visit to the neurosurgery clinic, the attending physician allegedly informed plaintiff that the "necessary surgery was an 'elective' surgery and that it was required to cease smoking and be smoke free for six months prior to any elective surgery" [Doc. #19-1at 3].  Plaintiff alleges that at a follow-up appointment, he was again told he must be smoke-free before he could have an "elective" surgery.  Plaintiff contends that the results of a subsequent MRI at a private medical center revealed the need for rapid surgical intervention due to a ruptured disc, that

---

[2] *"Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived."* Estate of Trentadue ex rel. Aguilar v. United States, *397 F.3d 840, 852 (10th Cir. 2005) (citation omitted). Therefore, "a plaintiff cannot 'present one claim to the agency and then maintain suit on the basis of a different set of facts.'"* Strohm v. United States, *No. 06-4139-SAC, 2007 WL 3120704, at \*4 (D. Kan. Oct. 24, 2007) (quoting* Dundon v. United States, *559 F.Supp. 469, 476 (E.D.N.Y.1983)). The court may consider plaintiff's SF-95 to clarify the factual basis of plaintiff's complaint.*

surgery was performed, and that his surgeon noted that "due to the delay in treatment" plaintiff had probably suffered permanent nerve damage. *Id*. Plaintiff's claims for relief, as stated in his administrative claim form, all result from damages allegedly caused by the initial "delay in surgery" or "delay in treatment." *Id*. at 4.

Defendant contends that plaintiff's complaint challenges the course of treatment offered by the VA, which amounts to a benefits determination falling under the exclusive jurisdiction of the Secretary of Veterans Affairs. Federal law grants exclusive jurisdiction to the Secretary of Veterans Affairs to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Further, "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id*. The exclusive avenue to appeal a benefits determination is through the Court of Veterans Appeals, and from there the United States Court of Appeals for the Federal Circuit. Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000).

Plaintiff's response focuses on the fact that throughout his SF-95 and complaint, plaintiff refers to his claim as a claim for medical negligence rather than a challenge to a benefits determination. However, as noted above, the court must look beyond plaintiff's labels to the true substance of plaintiff's complaint. *See* Weaver, 98 F.3d at 520 (holding that plaintiff's allegations of conspiracy, fraud, and misrepresentation were "in substance, nothing more than a challenge to the underlying benefits decision"); Roman Cancel v. United States,

598 F. Supp. 2d 227, 232 (D.P.R. 2008) ("A plaintiff may not circumvent § 511(a)'s bar by couching his claim in negligence terms.").

The court concludes that the substance of plaintiff's complaint is a challenge to the VA's decision regarding plaintiff's benefits. The Tenth Circuit's recent decision in Turner v. United States, No. 11-6334, 2012 WL 5519706 (10th Cir. Nov. 15, 2012) (unpublished) is instructive.[3] In Turner, the plaintiff claimed that the VA staff committed malpractice when they "failed to treat . . . and failed to refer" the plaintiff for care outside the VA, and that other "negligent denials of VA care" forced him to seek care outside the VA at "great expense to himself." Id. at *2. The VA treated the plaintiff for severe pain by prescribing narcotic pain medicines, and ultimately referring him for a neurology consult. Id. at *1. The neurologist allegedly refused to treat his back trouble "because of her mistaken belief that [his] service-connection for 'ankle' and 'hearing' maladies made [him] ineligible for back surgery." Id. The plaintiff saw another VA doctor who found that he "was not disabled in any way, and [] that [he] was not in need of any surgeries," after which he sought and received surgery from a non-VA provider. Id.

The Tenth Circuit held:

> Mr. Turner's claims, regardless of the labels he attaches to them, are a challenge to the VA's action or inaction with respect to his benefits, and therefore beyond the jurisdiction of the district court. . . . Despite the fact that Mr. Turner attempts to frame his case as one for medical malpractice and/or negligence, it is, at its core, a challenge to the VA's decision regarding

---

[3]This case is cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

4

benefits.

*Id*. at *3. The court concluded that "the course of treatment chosen by the VA . . . is a benefits decision." *Id.*

Similarly, the D.C. Circuit in Thomas v. Principi, 394 F.3d 970, 975 (D.C. Cir. 2005) held that a plaintiff's claims regarding the VA's "failure to render" appropriate medical care services and its "continuous and persistent deprivation and denial of known needed and necessary medical care treatment" were barred by § 511. The court held that "[b]ecause adjudicating these allegations . . . would require the district court 'to determine first whether the VA acted properly' in providing Thomas benefits, these claims are barred by section 511." *Id.* (quoting Price, 228 F.3d at 422).[4]

Like the plaintiffs in Turner and Thomas, plaintiff's claims are "a challenge to the VA's action or inaction with respect to his benefits"; namely, that the VA failed to treat him with back surgery. Turner, 2012 WL 5519706, at *3. Plaintiff's challenge to the course of treatment chosen by the VA is in essence a challenge to a benefits decision and falls outside the jurisdiction of this court. *See id.*[5]

For the reasons stated, the court concludes that it lacks federal subject matter

---

[4]*In contrast, the Thomas court held that the plaintiff's allegations that the VA "failed to inform Plaintiff" that a VA doctor had previously diagnosed him with schizophrenia was not barred by § 511"[b]ecause none of these claims alleges that the VA failed to pay for treatment (or even to provide for treatment)" and therefore did not raise a question of law or fact necessary to a decision by the Secretary. Thomas, 394 F.3d at 974 (emphasis added).*

[5]*To the extent plaintiff challenges a failure to reimburse him for his private medical care, that is also a benefits determination barred by § 511. See Turner, 2012 WL 5519706, at *3.*

5

jurisdiction over plaintiff's suit.  Defendant's motion to dismiss [Doc. #19] is **GRANTED** and plaintiff's complaint is **DISMISSED without PREJUDICE**.

    **IT IS SO ORDERED**.

Dated this 3rd day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE